## Rachel Davis
### v.
## Sarah Evans.

*Practice—Verdict Based on Conflicting Evidence, Sustained—Set-off—Running Account.*

Where the evidence is conflicting, and it does not appear that the jury were misled or actuated by passion or prejudice, this court will not interfere with the verdict.

[Opinion filed January 26, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Mr. John Olney, for appellant.

Mr. Lincoln Brooke, for appellee.

*Per Curiam.* This was *assumpsit* brought by Sarah Evans against Rachel Davis upon a promissory note for $300, and certain indebtedness upon an open account. The defendant pleaded *non-assumpsit* and set-off, said set-off consisting of certain indebtedness upon an open account against the plaintiff. At the trial the jury found the issues for the plaintiff and assessed her damages at $343.50. From this amount she remitted $42.85, and the court thereupon gave judgment in her favor for $300.65 and costs.

The counsel for the appellant raises no question of law, the only proposition urged being that the amount of the judgment is larger than is warranted by the preponderance of the evidence. As to the note and the amount due thereon there is no dispute. The controversy, however, involves a mutual account between the parties running through several years, and as to a considerable portion of which the evidence is conflicting. If the jury believed the evidence introduced by the plaintiff—and we see no reason why they were not warranted

in so doing—they were, we think, justified in giving the plaintiff the damages for which the judgment was rendered. We find nothing in the case taking it out of the usual rule that where the evidence is conflicting and there is nothing to show that the jury have been misled or actuated by passion or prejudice, the verdict should be held to be conclusive as to all controverted facts. We are of the opinion that the defendant has had a fair trial, and with the result she must be content. The judgment will be affirmed.

*Judgment affirmed.*